**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WILLIAM PIETROWSKY and
DIANE PIETROWSKY,

      Plaintiffs,                         Case No. 11-10999

v.                                      Hon. Gerald E. Rosen

SAM'S CLUB,

      Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFFS'**
**MOTION TO AMEND COMPLAINT AND REMAND ACTION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____June 13, 2011_____

      PRESENT:   Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

## I.  INTRODUCTION

Plaintiffs William and Diane Pietrowsky commenced this suit in state court on

February 11, 2011, asserting state-law tort claims against Defendant Sam's Club arising

from injuries allegedly sustained by Mr. Pietrowsky while he and his wife were shopping

at a Sam's Club store in Utica, Michigan.  In particular, Plaintiffs allege that a Sam's

Club employee negligently ran a hand cart into a pallet of boxes, causing the boxes to

shift and injuring Mr. Pietrowsky as he stood resting his elbow on these boxes.

Defendant Sam's Club removed the case to this Court on March 14, 2011, citing diversity

of citizenship as the basis for removal.  *See* 28 U.S.C. §§ 1441(a), 1332(a).

Through the present motion filed on April 14, 2011, Plaintiffs seek to amend their complaint to add a Sam's Club employee, David Bammel, as a second defendant.  In support of this request, Plaintiffs state that Mr. Bammel has been identified in their initial discovery efforts as the Sam's Club employee involved in the incident giving rise to their claims.  Moreover, because Mr. Bammel, like Plaintiffs, is a Michigan resident, Plaintiffs request that this suit be remanded to state court upon the joinder of this non-diverse defendant.  Defendant Sam's Club opposes this relief, arguing that Plaintiffs' proposed amendment is unnecessary, and that Plaintiffs' motion is an inappropriate attempt to defeat this Court's proper exercise of diversity jurisdiction and return this case to the state forum preferred by Plaintiffs.

Having reviewed the parties' briefs in support of and opposition to Plaintiffs' motion, as well as the remainder of the record, the Court finds that the relevant facts, allegations, and legal arguments are adequately presented in these written submissions, and that oral argument would not aid the decisional process.  Accordingly, the Court will decide Plaintiffs' motion "on the briefs."  *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan.  For the reasons stated below, the Court finds that Plaintiffs' request to amend their complaint should be granted, and that the resulting joinder of a non-diverse defendant necessitates the remand of this case to state court.

2

## II.  ANALYSIS

Although Plaintiffs fail to cite the controlling statute in their motion or accompanying brief, their request to add a non-diverse defendant and remand this case to state court is expressly governed by 28 U.S.C. § 1447(e).  Under this statutory provision, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  In determining whether to permit or deny joinder of a non-diverse defendant under § 1447(e), the courts consider such factors as (i) the removing defendant's "interest in selecting a federal forum," (ii) the "extent to which the purpose of the amendment is to defeat jurisdiction," (iii) "whether the plaintiff was dilatory in seeking the amendment," (iv) "whether the plaintiff will be injured significantly if the amendment is not allowed," and (v) "any other factors bearing on the equities."  *J. Lewis Cooper Co. v. Diageo North America, Inc.,* 370 F. Supp.2d 613, 618 (E.D. Mich. 2005); *see also Wells v. Certainteed Corp.,* 950 F. Supp. 200, 201 (E.D. Mich. 1997).[1]

---

[1]As noted, Plaintiffs' motion makes no reference to § 1447(e).  Instead, in support of their effort to join a non-diverse defendant, Plaintiffs appeal to the lenient standards of Fed. R. Civ. P. 15(a) for amending a party's pleadings.  Yet, the courts generally have insisted that a plaintiff must proceed via § 1447(e) in order to join a non-diverse defendant following removal, rather than achieving this result through "the liberal amendment provisions of Rule 15(a)."  *J. Lewis Cooper,* 370 F. Supp.2d at 618; *see also Collins v. National General Insurance Co.,* No. 10-13344, 2010 WL 4259949, at *1 (E.D. Mich. Oct. 25, 2010); *Bailey v. Bayer CropScience L.P.,* 563 F.3d 302, 307-08 (8th Cir. 2009); *Faye v. High's of Baltimore,* 541 F. Supp.2d 752, 756-58 (D. Md. 2008); *Clinco v. Roberts,* 41 F. Supp.2d 1080, 1086-88 (C.D. Cal. 1999).  This Court concurs in this reasoning, and thus will analyze Plaintiffs' motion under the standards of § 1447(e) and its corresponding case law.

Applying these factors here, the Court finds that Plaintiffs should be permitted to join a non-diverse defendant. First, while Defendant's preference for a federal forum militates against joinder, this consideration is offset by Plaintiffs' "right to fashion their lawsuit, select their causes of action, and advance theories against the parties of their choosing." *J. Lewis Cooper,* 370 F. Supp.2d at 618. Defendant does not deny that its employee, Mr. Bammel, may be held personally liable for negligent acts committed in the course of his employment, and Michigan law confirms that Plaintiffs may pursue their tort claims against this employee and his employer alike. *See Elezovic v. Bennett,* 274 Mich. App. 1, 731 N.W.2d 452, 460 (2007); *Needa Parts Manufacturing, Inc. v. PSNet, Inc.,* 635 F. Supp.2d 642, 650 (E.D. Mich. 2009). Thus, to the extent Defendant appeals to its interest in remaining in a federal forum, Defendant cannot claim any inherent entitlement to this forum where Plaintiff has viable theories of recovery against both it and a non-diverse co-defendant.

Nonetheless, Defendant suggests that Plaintiffs have acted only to defeat this Court's jurisdiction, and not out of a legitimate desire to pursue a recovery against both Defendant and its employee. The Court does not share this view of the circumstances leading up to Plaintiffs' present motion. Plaintiffs alleged in their initial complaint that an unknown Sam's Club employee acted negligently in operating a hand cart in an unsafe manner, (*see* Complaint at ¶¶ 7, 13(D)-(G)), and that this negligence was a direct and proximate cause of Mr. Pietrowsky's injuries, (*see id.* at ¶ 14). Accordingly, but for

4

Plaintiffs' lack of knowledge of the identity of this employee, it appears that Plaintiffs might well have named this individual as a defendant in their initial complaint. Plaintiffs are not grasping at an altogether new theory of liability, but merely seek to identify by name an individual who already was referenced (and charged with negligence) in their original complaint. The Court does not view this effort as particularly suggestive of a motive to defeat federal diversity jurisdiction. *Compare Wells,* 950 F. Supp. at 201 (declining to permit joinder of a non-diverse defendant whose identity and involvement in the plaintiff's allegedly wrongful termination were known to the plaintiff when she filed her initial complaint).

Neither can it be said that Plaintiffs were dilatory in seeking to join a non-diverse defendant. Plaintiffs state without contradiction that they first learned the identity of Mr. Bammel through Defendant's response to a discovery request asking the company to identify the employee involved in the incident giving rise to Plaintiffs' claims. Plaintiffs then filed their present motion promptly after this discovery, within a month after Defendant removed the case to this Court and answered the complaint. Again, the circumstances were different in the case relied upon by Defendant, *Wells,* 950 F. Supp. at 201, where the court found that the plaintiff knew the identity of the non-diverse defendant when she filed her original complaint, but she nonetheless "chose, at that time, not to include him as a defendant."

Finally, Defendant contends that it is not necessary to join Mr. Bammel as an

5

additional defendant because Plaintiffs will be able to obtain complete relief even in his absence, in light of the rule of Michigan law that Defendant "would be liable for any actionable conduct on the part of its employee arising out of the course and scope of his employment."  (Defendant's Response Br. at 9 (citing *Wells,* 950 F. Supp. at 201).)  To be sure, Plaintiffs have not established the necessity of adding Mr. Bammel as a party, nor have they suggested any reason to believe that they could not obtain a full recovery from Defendant alone.  This factor, then, favors the denial of Plaintiffs' request for joinder and remand.

Yet, the Court is reluctant to rank the relative strength and prospects of Plaintiffs' potential recovery against parties who are equally subject to liability under Michigan law. Certainly, if Plaintiffs had known the identity of Mr. Bammel and named him as a defendant in their initial complaint, they would have been fully entitled to do so, and there would have been no occasion for this Court to second-guess the "necessity" of this chosen course of action.  Although § 1447(e) permits such an inquiry following removal to avoid gamesmanship in the joinder of non-diverse parties, the Court does not view the circumstances here as calling Plaintiffs' motives into question, such that the Court should be especially vigilant in demanding that Plaintiffs show how they will be prejudiced if Mr. Bammel is not added as a party.  Rather, the Court finds that the factors favoring joinder and remand outweigh the absence of indicia that Mr. Bammel's presence in this action is essential to a full and complete recovery.

6

### III.  <u>CONCLUSION</u>

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' April 14, 2011

motion to amend their complaint and remand this action to Macomb County Circuit

Court (docket #9) is GRANTED.


<u>s/Gerald E. Rosen                        </u>
Chief Judge, United States District Court

Dated: June 13, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record
on June 13, 2011, by electronic and/or ordinary mail.

<u>s/Ruth A. Gunther              </u>
Case Manager